IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NIKKI C. BRISTER**                                                                    **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 3:05cv205WS**

**SUPERIOR RENT TO OWN
AND BILL DWIRE**                                                                 **DEFENDANTS**

## ORDER

**Before this court** is defendant **SUPERIOR RENT TO OWN**'s **[hereinafter Superior]** motion for summary judgment **[docket # 28]**, as well as the parties' motions in limine **[docket #s 36, 37, and 39]**.  Superior contends that any inappropriate or offensive conduct by defendant employee **BILL DWIRE [hereinafter Dwire]** was not sufficient to constitute sexual harassment or support plaintiff's associated claims.

## JURISDICTION

Plaintiff **NIKKI C. BRISTER [hereinafter Brister]** brings this sexual harassment and hostile work environment claim under federal law, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,[1] along with state law claims of battery; intentional and/or negligent infliction of emotional distress; negligent employment and retention; liability of defendant Superior for the actions of Dwire under the theory of *respondeat superior*; and, constructive discharge.  This court has subject matter jurisdiction under Title 28 U.S.C. § 1331.[2]  The alleged events giving rise to this action occurred in

---

[1]Title 42 U.S.C. § 2000e *et seq.* makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex, . . ."

[2]Title 28 U.S.C. § 1331 provides the district courts with original jurisdiction of any civil action that arises under federal law.

McComb, Mississippi. Venue is thus proper in this Southern District of Mississippi, Jackson Division.

## FACTS AND PROCEDURAL BACKGROUND

Brister filed suit on March 29, 2005, alleging damages arising from a hostile work environment. Defendant Superior employed Brister on or about June 10, 2004, as a customer sales representative at its McComb, Mississippi, store. Defendant Dwire was her immediate supervisor throughout her employment. Beginning in July, 2004, Dwire allegedly began a course of unwanted, unwelcomed, and unsolicited sexual harassment that continued until Brister's resignation on or about October 04, 2004. Brister contends that she reported the harassment but Superior's management failed to take corrective action. This failure to address the harassment allegedly resulted in an intolerably hostile work environment and Brister's claim of constructive discharge.

Superior acknowledges employing Brister for the dates asserted but disputes that her complaints of harassment were reported in accordance with company policy. Brister contends that she reported the harassment to the assistant store manager, Orlando Abbott, the ex-district manager and Bogalusa store manager, Nathaniel Burks, her district manager, David Tornabene, and finally in August to Paul Angelette. Superior responds that any reports to Abbott, Burks, and Tornabene are all insufficient to meet the company's reporting policy, and disputes that Angelette was notified.

## LAW AND ANALYSIS

### *Summary Judgment Standard*

Summary judgment is appropriate when the material facts are undisputed and the applicable law directs a verdict for the movant. *Am. Home Assurance Co. v. United*

2

*Space Alliance*, 378 F.3d 482, 486 (5th Cir. 2004); *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980); Fed. R. Civ. P. 56(c).[3] The court's first task is to determine if material facts are in dispute. *Am. Home Assurance Co.*, 378 F. 3d at 486. If there are no disputed material facts, the court next turns to the applicable law, which is applied to evidence viewed in a light most favorable to the non-movant. *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So.2d 845, 847 (Miss. 2001).

     Rule 56(c) requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson,* 477 U.S. at 252; *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993). Summary judgment is improper, however, where the court merely believes it is unlikely that the non-moving party will prevail at trial. *National Stream Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); rather, "it is the province of the jury to access the probative value of the evidence." *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). The court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

---

[3]Rule 56 provides guidelines for summary judgment, declaring it appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, . . . , show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."

## HOLDING

The court finds disputes of material facts regarding the scope and severity of the alleged events of harassment, whether Brister provided notice of harassment complaints to Superior, and whether Brister's claim of constructive discharge has merit. Accordingly, defendant's motion for summary judgment is **DENIED**. The parties' motions in limine are likewise **DENIED**, with the understanding that the court will address at trial those issues raised in the motions regarding the admissibility of witness testimony.

**SO ORDERED**, this the 9th day of June, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:05-cv-205WS

Order